**UNITED STATES of America, Appellee,**

v.

**Elsie CRUZ, Appellant.**

**No. 129, Docket 29933.**

United States Court of Appeals Second Circuit.

Argued Sept. 23, 1965.

Decided Oct. 20, 1965.

---

1. This individual was present at trial but was not called as a witness by either side.

Joseph I. Stone, New York City, (Stone & Diller, New York City, on the brief), for appellant.

Edward Meyer, Asst. U. S. Atty. (Robert M. Morgenthau, U. S. Atty. for Southern District of New York, New York City, and Michael W. Mitchell, Asst. U. S. Atty., on the brief), for appellee.

Before MOORE, SMITH and ANDERSON, Circuit Judges.

PER CURIAM:

The appellant Elsie Cruz maintains that the record shows only that she praised the quality of the goods sold by the co-defendant Gomez, without herself participating in the sales. However, according to narcotics agent Gonzales, the appellant on one occasion handed a sample to Gomez, who handed it to Gonzales; on another occasion she told Gonzales where to meet her and Gomez if he wanted to buy more drugs; and on a third occasion she told him to buy more if he wanted to get a better price. This is evidence on the basis of which the trial judge could find beyond a reasonable doubt that Cruz and Gomez were partners in a narcotics selling venture.

Appellant also maintains that Gomez had a right to plead guilty, even after the Government had completed most of its case; and that the trial court's refusal to recognize this right prejudiced Cruz. We need not consider whether the court's refusal to accept Gomez's plea was an abuse of the broad discretion vested in the trial court by Rule 11 of the Federal Rules of Criminal Procedure, since the court's refusal to admit Gomez's belated plea in no way prejudiced Cruz. She argues that had the court accepted the plea, Gomez's personal involvement would no longer have been in the case, so that his testimony in favor of her would have been more persuasive. But the fact that she and Gomez had lived together for two or more years—which tended to reduce the credibility of his testimony on her behalf—would not have been altered by his plea of guilty.

Appellant's final argument, that the judge acted as advocate for the United States, to her prejudice, is without basis in the record. At most, the court, after both sides had rested and the defense had moved for acquittal, described its understanding of the case against Cruz as being based, not on conspiracy between the defendants, but on a theory of joint liability for a joint venture or partnership. These comments amount to an explanation of why the court was going to deny the defendant's motions; they were in no way prejudicial to Cruz.

Affirmed.